IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

TAMERIA HUBBARD      *

v.      *      Civil No. – JFM-12-2432

ERIC SHINSEKI, ET AL.      *

******

## MEMORANDUM

Plaintiff has instituted this action against Eric Shinseki, the Secretary of the Veterans Administration, and the National Association of Government Employees. This court previously dismissed the case against defendant Shinseki on the ground that he has not been properly served. The remaining defendant, National Association of Government Employees ("NAGE"), has filed a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. The motion will be treated as one to dismiss for lack of subject matter jurisdiction and, as such, will be granted. Plaintiff asserts three claims: for retaliation/reprisal for protected activity, for a breach of the duty of fair representation, and for hostile work environment. Plaintiff's allegations provide no basis for claims against NAGE for retaliation/reprisal or for hostile work environment. For purposes of the motion to dismiss for lack of subject matter jurisdiction, however, the material point is that NAGE is not a "labor organization" as defined by Title VII, 42 U.S.C. § 2000e(d)-(e).[1] Because the federal

---

[1] To the extent that plaintiff seeks to assert claims under 42 U.S.C. §1981 and 1983, the Supreme Court has made clear that the exclusive remedy of job discrimination against the federal government is provided by Title VII. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976).

1

government is expressly excluded from the statutory definition of "employer" under Title VII, *id.* § 2000e(b), NAGE, as a representative of federal government employees, is not a labor organization that can be sued under Title VII. *See Luttrell v. Ronyon*, 3 F. Supp. 2d 1181, 1191 (D. Kan. 1998). Likewise, as to plaintiff's claim for breach of duty of fair representation, the Supreme Court has made it clear that there is no private cause of action for breach of the duty of fair representation against unions representing federal employees. *See Karahalios v. Nat'l Fed'n of Fed. Emp., Local 1263*, 489 U.S. 527, 533 (1989).

A separate order incorporating the prior dismissal of defendant Shinseki and granting NAGE's motion to dismiss for lack of subject matter jurisdiction is being entered herein.

Date: February 8, 2013         /s/ J. Frederick Motz
                               J. Frederick Motz
                               United States District Judge